[Civ. No. 6190. First Appellate District, Division One.—April 30, 1928.]

E. A. KLEIN, Respondent, v. CARL J. LANGE et al., Appellants.

Joseph Scott and A. G. Ritter for Appellants.

H. E. Schmidt and Emmons & Aldrich for Respondent.

KNIGHT, J.—The purpose of this suit was to obtain a decree adjudging plaintiff to be the owner of an undivided one-fourth interest in a tract of land in Kern County, of which interest he claimed to be the owner under the terms of a written contract entered into between him and the defendant Carl J. Lange, as attorney and client respectively; also to

reform the description of the land set forth in said contract. A decree was granted as prayed and defendants appeal.

The contract is dated May 8, 1919, and recites that Lange, claiming to be the owner of the land in question, the record title to which stood in the name of his co-defendant Anna A. Lange, instituted suit against the latter to establish his title thereto, but "had no means to proceed with said action," and that therefore, in consideration of the past services rendered by respondent as Lange's attorney in connection with the institution of such suit, it was agreed as follows: "That the party of the first part (respondent) shall receive as and for his compensation for services already rendered and to be rendered including the trial of said action, if the same shall go or proceed to trial, twenty-five per cent of whatever the said party of the second part shall receive or be allowed in the way of a settlement, or if no settlement shall be reached before the trial of said action one-third of whatever may be awarded to said party of the second part (Lange) by way of a judgment or decree of settlement after trial. The selection of said lands hereby transferred to said Klein shall be by mutual selection, but if the said parties cannot agree upon said selection then a selection should be made by lot of such percentage, but said land to be in a compact situation." Then, after providing for the payment of respondent's services in cash in lieu of an interest in the property, at Lange's option, and for the advancement of costs by respondent, also that respondent had the right to substitute other attorneys in his place at his expense, the contract continues as follows: "The said party of the second (part), therefore, hereby conveys, transfers, and assigns, absolutely and forever, free and clear from any and all incumbrances, such percentage as aforestated out of said lands described as above." The contract contains additional provisions, but the same are unimportant so far as the determination of this appeal is concerned.

The complaint alleged that plaintiff fully performed his part of the contract, but that after the contract had been executed Lange and Mrs. Lange "made and entered into a settlement wherein and whereby the said Carl J. Lange, received a conveyance of said lands and the whole thereof." It was further alleged: "For the purpose of deceiving and defrauding the plaintiff out of his share and portion of the

said lands, under the terms of said agreement, the said defendants conspired together and caused the said conveyance of said lands to be made to one Johan Jarchow; that the name Johan Jarchow is fictitious and that in truth and fact, the said Johan Jarchow and the said defendant, Carl J. Lange are one and the same person and that the said fictitious name, Johan Jarchow was used by the said Carl J. Lange as a subterfuge to conceal from this plaintiff the fact that the said defendant Carl J. Lange had recovered and acquired the said lands and the whole thereof as conditioned in the said agreement, all of which was well known to the said defendant, Anna A. Lange, at the time of the execution of the said conveyance''; and ''That plaintiff did not discover the said fraudulent acts of said defendants until within sixty days immediately preceding the commencement of this action.'' The answer consisted of denials of the allegations of the complaint.

The court found for plaintiff on all contested issues and a decree was entered accordingly, correcting the description of the property, adjudging plaintiff to be the owner of an undivided one-fourth interest in said land and impressing the same with a trust for the benefit of respondent's interest.

Summarizing the main points urged by appellants for a reversal, they are to the effect that the judgment is contrary to the evidence, that the proof adduced shows that the litigation which respondent was employed as attorney to institute and carry on did not terminate in such a manner as to entitle respondent to any relief under the contract, and that consequently respondent was restricted in the exercise of his remedies against Lange to either an action on *quantum meruit* for the services performed or to an action for damages for breach of contract.

The record discloses that the action of *Lange* v. *Lange,* which respondent was employed to prosecute, was instituted April 27, 1919; that after a demurrer to complaint had been filed and overruled, the defendants answered, and the cause was set to be tried on September 25th of the same year; that respondent was ready to proceed with the trial, but on account of a criminal case having the right of way the case was dislodged from the calendar. In the meantime, the evidence shows, respondent had expended approximately $300 in connection with the case, $230 of which was money ad-

vanced to Lange. Subsequent to September 25, and shortly after the case had been displaced on the trial calendar, Lange requested respondent to substitute other attorneys, which the latter refused to do, and thereafter, on October 6, 1919, pursuant to a notice of motion made by Lange to that effect, other attorneys were substituted by court order, but on October 27, 1919, the substituted attorneys withdrew from the case and on the same day Lange, *in propria persona,* filed a dismissal of the action.

About a year subsequently, the evidence shows, Lange and Mrs. Lange started to juggle the title to the property by means of a series of transfers executed through the instrumentality of two fictitious persons admittedly created by them for that purpose. One of the fictitious persons was designated ''Johan Jarchow,'' and the other was ''Mrs. Marie McGinnis, a widow,'' and appellants further admit that they represented themselves before notaries public as being respectively Johan Jarchow and Mrs. Marie McGinnis, a widow, and as such executed and acknowledged instruments of conveyance and powers of attorney, which they caused to be recorded, and pursuant to which the title to said property was transferred.

The details of these transactions were as follows: On March 22, 1920, Anna Lange executed a grant deed of the property to the fictitious Mrs. Marie McGinnis; on May 19, 1920, Marie McGinnis by and through her attorney-in-fact Carl J. Lange and Anna A. Lange, his wife, as trustors, made a deed of trust covering the lands in question to a Los Angeles bank, as trustee, to secure the payment of a promissory note, attorney's fees, costs, etc.; on September 14, 1920, Lange and his wife made a quitclaim deed to the property to Mrs. Marie McGinnis. On September 25, 1920, Mrs. Marie McGinnis executed a quitclaim deed before a notary covering the property to Johan Jarchow and on the same day a power of attorney was executed by Johan Jarchow to Lange, after which, but still on the same day, Johan Jarchow executed a grant deed conveying said property to Mrs. Anna A. Lange; but the deed last mentioned, to Mrs. Lange, was not recorded until March 17, 1921. It thus affirmatively appears that on September 25, 1921, the entire property was deeded to Lange in the fictitious name of Johan Jarchow, and that title of record remained in that status until March 17, 1921,

during which period of time, the evidence further shows, a suit for an injunction was instituted in Jarchow's name against the tenants of the property and that the complaint therein was verified by Lange as the agent of Jarchow. It was further established that subsequent to the recordation of the deed from Jarchow to Mrs. Lange, Lange and his wife joined in certain leases and contracts involving the property to various persons, one of whom afterward assigned his lease and the assignee subsequently deeded the same to the Langes.

 The foregoing evidence is amply sufficient in our opinion to support the conclusion reached by the trial court that the litigation mentioned in the contract was settled by the parties prior to trial, as a result of which settlement the property in question was deeded to Lange on September 25, 1920, in the fictitious name of Johan Jarchow, and that the various transfers made by the Langes in the names of the fictitious persons were consummated in furtherance of a conspiracy between them to defraud respondent out of the share of the property he became entitled to under the contract with Lange, as a result of such settlement.

 So far as the record discloses, no evidence was offered by appellants before the trial court in support of their case, and consequently no explanation whatever has been given by them as to their peculiar actions in dealing with the title to the property, except that during the presentation of respondent's case it was stipulated that about the time these transfers were being made Mrs. Lange was sued for malicious prosecution by a man whose indictment she had secured by the grand jury of Kern County, but which indictment was afterward dismissed without trial; and it was suggested by appellants' counsel in the trial court, as here in the briefs, that the operations of the Langes under the guise of fictitious names may have been due to bad legal advice given them by attorneys then representing them (but who are in no manner connected with the present action), coupled with the fear which Mrs. Lange may have entertained for the result of the suit against her for malicious prosecution. The question of the motives which prompted the Langes in making the transfers in the manner described, however, was in the last analysis one for the trial court to determine, and therefore the matters suggested by appellants' counsel, at most, raised

but a conflict which the trial court upon sufficient evidence has resolved adversely to appellants. The decision of the trial court on that issue is consequently conclusive on appeal.

Appellants have cited a number of cases relating to the question of the legality of contingent contracts made between attorneys and their clients, some of which contained provisions affecting the right of a client to compromise the litigation without the consent of the attorney, and in others no provision was made for payment of the attorney's services in case of compromise prior to trial. The contract involved in the present case is not open to the objections made in those cases because here there was nothing contained in the contract which prevented the client from settling the case at any time, and an express provision was inserted therein for the payment to the attorney of an agreed amount in case of such settlement, whether made before or after trial.

The action was one to establish respondent's interest under the terms of the contract, and therefore the rules of pleading relating to the specific performance which appellants endeavor to invoke against the sufficiency of the complaint are not pertinent.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.